No. 24–2460
_____

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE NINTH CIRCUIT

_____

JOSEPH MCGHEE,

*Plaintiff-Appellant,*

v.

STATE OF ARIZONA, ET AL.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Arizona
No. CV–2023–08601–PCT–SRB
Hon. Susan Bolton

_____

### DEFENDANTS-APPELLEES STATE OF ARIZONA'S
### ANSWERING BRIEF

_____

| | |
|---|---|
| Kristin K. Mayes<br>Attorney General<br>(Firm State Bar No. 14000) | Eric K. Knobloch<br>Assistant Attorney General<br>(State Bar No. 030269)<br>Criminal Appeals Section |
| Alice M. Jones<br>Deputy Solicitor General<br>(State Bar No. 028062) | 2005 N. Central Avenue<br>Phoenix, Arizona 85004<br>Telephone: (602) 542-4686<br>CADocket@azag.gov |
| | Attorneys for Defendants-Appellees<br>State of Arizona |

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS ..................................................................................... 2

TABLE OF AUTHORITIES ............................................................................... 3

STATEMENT OF JURISDICTION ..................................................................... 4

QUESTION PRESENTED FOR REVIEW .......................................................... 5

STATEMENT OF THE CASE ............................................................................. 6

SUMMARY OF THE ARGUMENT .................................................................... 8

STANDARD OF REVIEW .................................................................................. 9

ARGUMENT ..................................................................................................... 10

    I.    This Court Should Dismiss the State from This Appeal Because the Court Lacks Jurisdiction to Review the District Court's Order Remanding the State Claims. ........................................................ 10

    II.    Alternatively, the Remand Order Must Be Affirmed Because Mr. McGhee Does Not Challenge the Remand Order on Appeal ............................................................................................................. 10

CONCLUSION .................................................................................................. 11

STATEMENT OF RELATED CASES ............................................................... 12

CERTIFICATE OF COMPLIANCE .................................................................. 13

CERTIFICATE OF SERVICE ........................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                                                                               **Page(s)**

*Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024 (9th Cir. 2008) ...........11
*Heck v. Humphrey*, 512 U.S. 447 (1994)..................................................................10
*Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006) ............................................10
*United States v. Peninsula Commc'ns, Inc.*, 287 F.3d 832 (9 Cir. 2002)..................9
*United States v. Ruiz*, 536 U.S. 622 (2002) ...............................................................4

**Statutes**

28 U.S.C. § 1147(d) ..................................................................................................10
28 U.S.C. § 1441(c)(2)..................................................................................... 5, 7, 10
42 U.S.C. § 1983 ..................................................................................................6, 10
42 U.S.C. § 1985 ..................................................................................................6, 10
A.R.S. § 13–1302(A)(3)&(B) .....................................................................................6
A.R.S. § 13–2923(A)(1)..............................................................................................6

## STATEMENT OF JURISDICTION

The Ninth Circuit Court of Appeals has jurisdiction to determine whether it has jurisdiction to hear a case. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002).

## QUESTION PRESENTED FOR REVIEW

Must the State of Arizona be dismissed from this appeal because this Court lacks jurisdiction to review the District Court's Order remanding state law claims pursuant to 28 U.S.C. § 1441(c)(2)?

## STATEMENT OF THE CASE

In March 2022, Appellant Joseph McGhee pled guilty to one count of custodial interference under A.R.S. § 13–1302(A)(3)&(B) and one count of attempted stalking, under A.R.S. § 13–2923(A)(1). 2-SER-224–26. He was then sentenced to two years of probation. 2-SER-218–22.

After unsuccessfully attempting to raise several constitutional challenges to his conviction during his PCR proceeding, *see* 2-SER-112–216, Mr. McGhee initiated a civil action in Coconino County Superior Court by filing a 12-count First Amended Complaint for Damages and Equitable Relief against the State of Arizona, Coconino County, the County officials involved in his prosecution, and the victim. 2-SER-72–110. In Counts I-V, Mr. McGhee sought declaratory relief from the Arizona statutes used in his prosecution and bail hearings. 2-SER-88–98. In Count VI, he sought declaratory and injunctive relief for Coconino County's alleged-bail policy. 2-SER-98–99. In Count VII, Mr. McGhee sought declaratory judgment that Arizona's Parental Bill of Rights gave him cause against state officials. 2-SER-99–101. And, in Counts VIII–XII, he sought damages against the victim, the County officials involved in his prosecution, and Coconino County under 42 U.S.C. §§ 1983 and 1985. 2-SER-101–109.

In July 2023, the State of Arizona moved to dismiss Counts I–V. 2-SER-58–68. The Superior Court granted the motion and dismissed those counts with

6

prejudice. 2-SER-56. Defendants Forsman, Ring, Barker, and Coconino County ("County Defendants") then removed the case to District Court on November 16, 2023, where they filed a motion to dismiss the remaining counts. 2-SER-29–52.

On April 17, 2024, the District Court granted the County Defendants' motion to dismiss as to Counts VIII–XII ("Federal Claims"). 1-SER-3–21, 26. The District Court further severed and remanded Counts I–VII ("State Claims") pursuant to 28 U.S.C. § 1441(c)(2) ("Remand Order"). 1-SER-26.

Mr. McGhee appealed from that Order.

7

## SUMMARY OF THE ARGUMENT

The District Court severed and remanded to the Superior Court all claims that pertained to the State. This Court has no jurisdiction to hear an appeal from a District Court's decision to remand claims to the state court from which they were removed. Moreover, Mr. McGhee does not challenge the District Court's remand of the State Claims. The State should therefore be dismissed from this appeal.

## STANDARD OF REVIEW

A federal court's "subject matter jurisdiction is a question of law reviewed *de novo*." *See United States v. Peninsula Commc'ns, Inc.*, 287 F.3d 832, 836 (9 Cir. 2002). A district court's findings of fact relevant to this determination are reviewed for clear error. *Id.*

# ARGUMENT

**I.  This Court Should Dismiss the State from This Appeal Because the Court Lacks Jurisdiction to Review the District Court's Order Remanding the State Claims.**

"An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1147(d). This bar applies "to cases removed under the general removal statute, § 1441." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 641 (2006). Here, the District Court ordered that the State Claims be severed and remanded under 28 U.S.C. § 1141(c)(2). 1-SER-26. Specifically, the District Court concluded that it lacked "federal subject matter jurisdiction" over these claims because the Federal Claims had been dismissed. *Id.* at 18–19. Because the District Court remanded for lack of subject matter jurisdiction pursuant to § 1141(c)(2), this Court is barred from reviewing the Remand Order on appeal and the State must be dismissed.

**II.  Alternatively, the Remand Order Must Be Affirmed Because Mr. McGhee Does Not Challenge the Remand Order on Appeal.**

Mr. McGhee's Opening Brief has not raised any challenge to the District Court's Remand Order. Instead, McGhee only challenges the District Court's dismissal of his Federal Claims, specifically the District Court's qualified immunity analysis and its determination that *Heck v. Humphrey*, 512 U.S. 447, 486–87 (1994) precludes its consideration of the causes of action arising under 42 U.S.C. §§ 1983 and 1985. O.B., at 29–32; 1-SER-21–24. Implicit in Mr.

10

McGhee's briefing, then, is an acknowledgment that this Court is barred from reviewing the district court's Remand Order.

But even if Mr. McGhee had intended to challenge the Remand Order in some fashion, "[a]rguments not raised by a party in its opening brief are deemed waived." *Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008).

Thus, if the Court does not dismiss the State based on lack of subject matter jurisdiction, it must affirm the Remand Order because McGhee has failed to raise any challenge to that Order on appeal.

## CONCLUSION

For the foregoing reasons, the State requests that this Court find that it lacks jurisdiction to hear any appeal from the Remand Order and dismiss the State from this Appeal. In the alternative, the State submits that the District Court's order remanding the State Claims should be affirmed.

Respectfully submitted,

Kristin K. Mayes
Attorney General

Alice M. Jones
Deputy Solicitor General


/s/ Eric K. Knobloch
Assistant Attorney General
Attorneys for Defendants-Appellees

11

## STATEMENT OF RELATED CASES

### Ninth Circuit Case No. 24–2460

The undersigned attorney or self-represented party states the following:

**[X]** I am unaware of any related cases currently pending in this court.

[ ] I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ ] I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature**　s/ Eric K. Knobloch　　　　　　　　**Date** August 29, 2024

# CERTIFICATE OF COMPLIANCE

## Ninth Circuit Case No. 24–2460

I am the attorney or self-represented party.

**This brief contains 836 words**, excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief (select only one):

**[X]** complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  [ ] it is a joint brief submitted by separately represented parties;
  [ ] a party or parties are filing a single brief in response to multiple briefs; or
  [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature**   s/ Eric K. Knobloch                    **Date** August 29, 2024

13

# CERTIFICATE OF SERVICE

## Ninth Circuit Case No. 24–2460

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 29, 2024.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail for delivery within 3 calendar days to the following non-CM/ECF participant(s):

Dara Rabin
617 N. Pine Cliff Dr.
Flagstaff, Arizona 86001
Defendant-Appellee

                                                    s/ M. Palacios
                                                    Legal Secretary
                                                    Criminal Appeals
                                                    Capital Litigation Sections
                                                    2005 N. Central Avenue
                                                    Phoenix, Arizona 85004
                                                    Telephone: (602) 542-4686